Filed in open Court this 17th day of May, 2006. dw

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-29-JJF |
| ) | |
| SILVIA LANDA-MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Adam Safwat, Assistant United States Attorney, and Eleni Kousoulis, Esquire, attorney for the defendant, SILVIA LANDA-MARTINEZ, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to enter a guilty plea to the one count indictment charging Reentry After Deportation, a violation of Title 8, United States Code, Section 1326(a), which carries a maximum penalty of two years incarceration, a $250,000 fine, one year of supervised release, and a $100 special assessment.

2. The elements of the offense of Reentry After Deportation, each of which the government would have to prove beyond a reasonable doubt at trial, are: (i) the defendant is an alien; (ii) the defendant was deported from the United States; (iii) after deportation, the defendant was found in the United States; and (iv) the defendant returned to the United States without the

permission of either the Attorney General of the United States or the Undersecretary for Border and Transportation Security, Department of Homeland Security.

3. The defendant knowingly, voluntarily and intelligently admits that she is a native and citizen of Mexico, that she was deported from the United States on July 20, 2004, and that she re-entered the United States in or around February 2005, without inspection by a U.S. Immigration Officer. The defendant further admits that prior to her re-entry into the United States, she did not apply for permission to re-enter from U.S. immigration authorities, and that she was found in the State of Delaware on March 19, 2006.

4. The United States will recommend a two-level reduction in the offense level for the charge above for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States makes this recommendation because the defendant has timely notified authorities of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

5. The defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant recognizes that the final determination of the defendant's sentence will be made by the Court. The defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that she will not be allowed to withdraw

her guilty plea because the Court calculates the guidelines differently than she expects, or imposes a sentence greater than what she expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of her attorney.

6. The defendant agrees to the special assessment of $100 at the time of sentencing.

7. If the Court sentences the defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits she expects from any such stipulation or recommendation, the defendant may not withdraw her guilty plea.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this

Case 1:06-cr-00029-JJF    Document 14    Filed 05/17/2006    Page 4 of 4

memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

                                      COLM F. CONNOLLY
                                      United States Attorney

_Eleni Kousoulis_         BY: _Adam Safwat_
Eleni Kousoulis, Esquire               Adam Safwat
Attorney for Defendant,               Assistant United States Attorney
Artemio Dias-Bravo

_Silvia Landa Martinez_
Silvia Landa-Martinez
Defendant

Dated: May 17, 2006

                                                      \* \* \*

**AND NOW** this 17 day of May, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

                                                          _Joseph J. Farnan_
                                        THE HONORABLE JOSEPH J. FARNAN, JR.
                                        UNITED STATES DISTRICT JUDGE

-4-